**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN CUNNINGHAM,**
                **Plaintiff,**

**-vs-**                                                                                        **Case No. 6:08-cv-1648-Orl-31DAB**

**SENEZ ROOFING, LLC,**
**ISAAC SENEZ,**
                **Defendants.**
_____

## ORDER AND NOTICE OF HEARING

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION TO STRIKE ANSWERS TO INTERROGATORIES (Doc. No. 19)**
>
> **FILED:** November 18, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The motion fails to comply with Local Rule 3.01(g), which would normally result in a denial of the motion, without prejudice. However, as the subject matter involves the filing of an alleged false verification, and as Plaintiff's counsel has addressed the motion (Doc. No 22), the Court will consider it.

On November 11, 2008, Plaintiff's counsel filed Plaintiff's Answers to Interrogatories (Doc. No. 15), but they were not signed under penalty of perjury, so, on November 14, 2008, the District Judge ordered Plaintiff to re-file sworn Answers (Doc. No. 17). Plaintiff immediately (same day) filed the Interrogatories, which consist of two pages of typed responses (pages 1 and 2), followed by

a signature page for Plaintiff's counsel, which reads "Dated this 11th day of November, 2008," a signature block and a certificate of service, reflecting electronic service on November 14, 2008 (page 3), and a final page, which purports to be a verification signed in the presence of a notary (page four). The verification page provides, in pertinent part:

> Before me, the undersigned authority, *on this day,* personally appeared Kevin Cunningham, who being first duly sworn, deposes and says that he/she has read *the foregoing Answers to Interrogatories,* knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct. Sworn to and subscribed before me this **30** day of **August,** 2008.

(Doc. No. 18 at 4, emphasis added).

Defendant files the instant motion to strike the Interrogatories as being of questionable validity, noting that the Interrogatories purport to be sworn to *prior to* suit being filed, yet specifically reference matters occurring well after the date of the verification. Plaintiff, represented by attorney Nannette Piccolo, has filed a response (Doc. No. 22) which states: 1) Plaintiff completed and verified "the Court's Interrogatories to Plaintiff" on August 30, 2008, after retaining counsel; 2) On November 10, 2008, Plaintiff "conferred" with counsel, reviewed the Interrogatories and agreed with same, and "Plaintiff added to his previous responses that his Complaint was filed on or about September 18, 2008 and that Defendants answered on or about October 21, 2008;." 3) The responses were filed "unverified due to a clerical error" on November 11, 2008: and 4) On November 12, 2008, Plaintiff refiled his verified Responses "however filed the verification page from August 30, 2008." (Doc. No. 22 at 2).[1] Citing "an abundance of caution," Ms. Piccolo attaches yet another verification page, dated November 25, 2008.

---

[1] In fact, counsel did *not* refile the Responses on November 12, as she claims, but refiled on November 14, as indicated on the docket.

This is not the first time the Court has had to address misrepresentations made by Ms. Piccolo. *See* Case No. 6:08cv1613-35DAB, *Watson v. Image Technical Service, et al.*, Doc. No. 23. What troubles the Court here is that, while Ms. Piccolo appears to acknowledge the errors, she fails to accept any responsibility for them, apologize, or even acknowledge that her carelessness (if that is what it was) has caused additional work for Defendant and the Court. There is no question that counsel has filed a false declaration in that the Interrogatories filed on November 14, could not possibly have been verified, as stated, on August 30, as they were not created until November.

The Court is also concerned as to how such an error could have occurred if the document was prepared appropriately. In the normal course of responsible lawyering, the client meets with the attorney (preferably in person but not required) and then the client reviews and executes the completed document before a notary public. Here, although counsel states that she "conferred" with her client in November and created a new Response, she does *not* say that the conference included execution of the document by Plaintiff or that Plaintiff reviewed that completed document and *then* executed it elsewhere before a notary. Although Plaintiff refers to a clerical error in filing the previous verification page and not "the updated verification page dated November 11, 2008", she does not file that November 11, 2008 verification, but instead files a November 25, 2008 verification.

This "explanation" is incomplete and provokes speculation as to what may have occurred rather than explicating the actual course of events. At the least, the reliability of the document and of Plaintiff's counsel's representations to the Court are called into question. As such, the motion is **granted, in part, as follows:**

1. The Interrogatories filed at Doc. No. 18 are **STRICKEN.** As Plaintiff has finally provided a signed set of Responses which appear to be appropriately executed, the Clerk is **directed** to separately file Doc. No. 22-2 as the Verified Answers.

2. **TAKE NOTICE** that Plaintiff and his counsel, Nannette Piccolo, Esq., are **ORDERED TO APPEAR IN PERSON** at an evidentiary hearing regarding the above on **FRIDAY, DECEMBER 19, 2008** at **10:00 A.M.** in Courtroom #6D, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. **Counsel should be prepared to testify as to exactly what occurred with respect to the execution and filing of the Interrogatories and should bring additional counsel if necessary.** The Court will also hear argument as to the appropriate sanction, if any, following the conclusion of the evidence.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

**PLEASE NOTE**:  **Photo I.D.** is required to enter the United States Courthouse.  Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.